IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONNA REINDL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 09 CV 2695 |
| vs. ) | |
| ) | Magistrate Judge Schenkier |
| MICHAEL J. ASTRUE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Donna Reindl, filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of Social Security's ("Commissioner's") denial of her application for Disability Insurance Benefits. On July 22, 2010, this Court reversed and remanded the decision of the Administrative Law Judge ("ALJ"). *Reindl v. Astrue*, 09 C 2695, 2010 WL 2893611 (N.D. Ill. July 22, 2010). Ms. Reindl's attorney, John E. Horn, subsequently filed a motion seeking payment of attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (doc. # 33). The parties stipulated to an award of EAJA fees in the amount of $4,250.00 (doc. # 36-37).

Mr. Horn now seeks an additional $32,257.00 in fees under the Social Security Act, 42 U.S.C.A. § 406(b) (*see* doc. # 39) based on a contingency fee agreement he entered into with Ms. Reindl. The Commissioner argues that an award of this amount would be a windfall, and that the award should therefore be reduced. For the reasons set forth below, the Court grants Mr. Horn's motion for Section 406(b) fees.

## I.

Mr. Horn has represented Plaintiff Donna Reindl on her Social Security claim, both in administration proceedings and in federal court, since August 7, 2007 (doc # 39-1: Horn Aff. ¶ 2). Mr. Horn and Ms. Reindl executed a contingency fee agreement, in which Mr. Horn agreed to represent Ms. Reindl in her Social Security proceedings in exchange for 25 percent of any back pay awarded to her by the Social Security administration (doc # 39-4). Under that agreement, if Mr. Horn was unable to achieve any recovery for Ms. Reindl, he would receive no compensation at all (*Id.*). After Ms. Reindl's initial application for Social Security benefits was denied, Mr. Horn helped Ms. Reindl prepare for her administrative hearing before the ALJ (R. 93). He then represented her at that hearing, which took place on February 14, 2008 (R. 11). On September 29, 2008, the ALJ denied Ms. Reindl's application for benefits, and Mr. Horn appealed the ALJ's denial of benefits to the Social Security Appeals Council (R. 7). On March 6, 2009 the Appeals Council refused to review the ALJ's decision, rendering that decision final (R. 1).

On May 3, 2009, Ms. Reindl filed an action with the district court requesting review of the Commissioner's denial of Social Security benefits (doc. # 1). On cross motions for summary judgment, this Court reversed the Commissioner's denial of benefits and remanded the case for further administrative proceedings (doc. # 29-30). In June 2011, after another administrative hearing, the ALJ issued a favorable decision granting Ms. Reindl's application for benefits and awarding her $146,028.00 in past-due benefits (doc. # 39-3).

Thereafter, on July 9, 2011, Mr. Horn petitioned the Social Security Administration for payment of attorneys' fees totaling $32,257.00, representing 25 present of the past-due benefits award of the $146,028.00 less the $4,250.00 he received under EAJA. That request was based on

Mr. Horn's contingency agreement with Ms. Reindl, which provides that Mr. Horn "shall receive" 25 percent of any past-due benefits awarded, less any amounts Mr. Horn receives through an EAJA award (doc. # 39: Horn Aff., Ex. C).[1] The ALJ awarded counsel $31,602.16, but the Regional Chief Judge reduced the award to $9,000.

Mr. Horn now challenges that reduction of his fees. He asks the Court to award him 25 percent of Plaintiff's past due benefits, less $4,250.00 in EAJA fees, for a total of $32,257.00. The Commissioner opposes the request, arguing that Mr. Horn spent only 27.7 hours on the case, and that it would be unreasonable for the Court to award him the equivalent of $1,164.51 ($32,257.00 ÷ 27.7) per hour for his work on Ms. Reindl's case. For the reasons we explain below, the Court concludes that Mr. Horn is entitled to recover the full amount he seeks under the contingency fee agreement.

## II.

The Social Security Act provides that fees charged by a claimant's counsel must be reasonable and may not exceed 25 percent of the past due benefits. 42 U.S.C. § 406(b) (a "court may determine and allow as part of its judgment a *reasonable* fee for such representation, *not in excess of 25 percent* of the total of the past-due benefits") (emphasis added). The Act also provides that any attempt to collect fees in excess of those provided for by Section 406(b) would constitute a criminal offence. 42 U.S.C. § 406(a)(5); 20 C.F.R. § 404.1740.

In *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the Supreme Court was called upon to decide whether contingent-fee arrangements within the 25 percent boundary were *per se* reasonable under Section 406(b), or if the attorney petitioning for fees must establish reasonableness as an separate

---

[1] To prevent double payment for the same work, when an attorney recovers fees under both EAJA and Section 406(b) of the Social Security Act, he must credit the lesser of the two fee awards back to his client. *McGuire v. Sullivan*, 873 F.2d 974, 977 n. 1 (7th Cir. 1989).

3

element. The Supreme Court held that reasonableness is a separate element, on which the petitioning attorney bears the burden of proof. *Id.* at 807. Although the Supreme Court did not provide a definitive list of factors to be considered in determining whether a fee award within the 25 percent boundary is reasonable, it noted that contingent-fee agreements might be unreasonable if, for example, (1) the fee is out of line with "the character of the representation and the results ... achieved," (2) counsel's delay caused past-due benefits to accumulate "during the pendency of the case in court," or (3) past-due benefits "are large in comparison to the amount of time counsel spent on the case." *Id.* The Supreme Court also stated that courts should "approach [Section 406(b)] fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness." *Id.* at 808.

### A.

In considering Mr. Horn's petition, we begin with the recognition that Congress would not have enacted a law permitting contingent-fee agreements had it not recognized the value of those types of fee agreements in the Social Security context. Contingent-fee agreements allow claimants who cannot afford up-front fees or hourly rates to obtain representation. These agreements also benefit the system by encouraging lawyers to be discerning in evaluating potential cases, and to refrain from bringing cases that appear to be plainly without merit. Finally, contingent-fee agreements benefit lawyers by allowing for recoveries in winning cases that mitigate losses in losing cases. As Judge Shadur noted in *Bastic v. Bowen,* 691 F. Supp. 1176, 1177 (N.D. Ill 1988): "Even the greatest lawyers lose cases as well as win them – and it would certainly seem that a universe in which lawyers go wholly unpaid in cases they lose, but are paid for the cases they win at rates that fail to reflect the risk of loss, is a distorted universe." The Court, therefore, exercises caution before

4

departing from the express terms of a contingent-fee agreement that Ms. Reindl freely entered into with Mr. Horn.

**B.**

We turn to the factors that *Gisbrecht* identified as potential warning signs that a contingency fee award is unreasonable. The first two factors plainly weigh in favor of finding that the fee award would be reasonable, a point the Commissioner implicitly concedes by his failure to discuss them. The fee Mr. Horn seeks is in line with "the character of the representation and the results . . . achieved." *Gisbrecht*, 535 U.S. at 807. Mr. Horn persevered for four years and, after initial setbacks, achieved an excellent result for his client both in this Court and in the proceedings on remand. Moreover, there is no evidence that the large amount of past-due benefits resulted from any delay by Mr. Horn. During the proceedings in this Court, Mr. Horn sought no extensions of time in which to file his briefs. The large past-due benefit award is the result of the Commissioner's decision to deny benefits initially, and to defend that decision (unsuccessfully) in this Court, before benefits finally were awarded after a new hearing on remand.

The Commissioner rests his challenge to Mr. Horn's fee request on the third factor highlighted by the *Gisbrecht* Court: that the past-due benefits Ms. Reindl received, and the 25 percent share Mr. Horn seeks as his contractual contingency award, "are large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 535 U.S. at 807. Specifically, the Commissioner argues that a fee in the amount of $32,257.00 would translate into an hourly rate of $1,164.51, based on the 27.7 hours of time Mr. Horn spent on the proceedings in this Court that resulted in a remand.

5

In evaluating the Commissioner's argument, the Court notes that there is no controlling Seventh Circuit precedent, and the opinions by trial court judges within this district reach differing results. Thoughtful opinions have been entered both approving and reducing attorney fee requests in the $1,000.00 per hour range. *Anderson v. Astrue*, No. 08 CV 613, 2011 WL 379042, at * 2 (N.D. Ill. Jan. 27, 2011) (approving 25 percent contingent fee where Commissioner objected on ground that award would amount to compensation rate of $982.91 per hour); *Hodge-Williams v. Barnhart*, 400 F. Supp. 2d 1093, 9999 (N.D. Ill. 2005) (rejecting fee petition that would amount to an hourly rate of more than $1,000.00 per hour, and instead granting petition at a rate of $350.00 per hour).

In this case, we find the Commissioner's computation of the "effectively hourly rate" Mr. Horn would receive under the contingent-fee agreement does not show that the fee Mr. Horn seeks is unreasonable. To being with, *Gisbrecht* rejected the lodestar method as the measure of whether a fee under Section 406(b) is reasonable. 535 U.S. 808. We therefore are reluctant to place undue weight on measuring reasonableness of a contingent fee by simply converting the fee into a lodestar calculation, as it would run the risk of creating arbitrary ceilings on the awards.

Moreover, the Commissioner's computation focuses solely on the 27.7 hours Mr. Horn spent on the proceedings in this Court, and does not take into account the 28.9 hours he spent in administrative proceedings both before and after the proceedings in this Court. Were we to look at all of the time Mr. Horn spent on Mr. Reindl's claim, the computed hourly rate would be $645.00 per hour ($36,507.00 ÷ 56.6 hours). That amount does not strike the Court as excessive compensation for an attorney who takes a case without any guarantee of compensation, and with a substantial risk that there will be none. *See Martinez v. Astrue*, 630 F.3d 693, 695-96 (7th Cir. 2011) (observing that once a claim is denied by the Appeals Court, a claimant has about a 35 percent

chance that the denial will be reversed by the district court *and* then allowed on remand). Indeed, courts in this district and elsewhere have approved contingent fees that resulted in far greater computed hourly rates. *Anderson*, 2011 WL 379042, at *2 (approving a contingent fee that computed to an hourly rate of $982.91); *see also King v. Astrue*, No. 09 CV 1244, 2009 U.S.Dist. LEXIS 95938, at * 4 (E.D.N.Y. Jan. 25, 2010) (attorney awarded $28,726.50 for 23.75 hours of court work, or $1,209.54 per hour); *Kazanjian v. Astrue*, No. 09 CV 3678, 2011 WL 2847439, at *2 (E.D.N.Y. July 15, 2011) (attorney awarded $48,064.00 less $3,456.25 in EAJA fees for 19.75 hours of court work, or about $2,100 per hour.)

Our assessment is also influenced by the fact that Mr. Horn was no "Johnny come lately" to this matter. Mr. Horn has represented Ms. Reindl since 2007. He represented her in the initial application for benefits, prepared exhibits for and represented her during the February 14, 2008 administrative hearing before the ALJ, and appealed the ALJ's denial of benefits to the Social Security Appeals Council. After the appeal, Mr. Horn represented Ms. Reindl in the remand proceedings that ultimately led to a favorable ALJ decision and a past-due benefits award of $146,028.00. That is a far different matter than the situation where an attorney enters a case late in the game, does little, and seeks a full 25 percent contingent fee award. *Tantillo v. Barnhart*, No. 04 Civ. 2223, 2011 WL 2680536, at * 12 (E.D. N.Y. July 8, 2011) (reducing contingent percentage for 25 percent to 12.5 percent where the only substantive work by the attorney was filing a boilerplate complaint and signing a stipulation for remand that the Commissioner had prepared).

Finally, we note that Mr. Horn not only achieved an outstanding result for Ms. Reindl, but did so efficiently. The amount of time that Mr. Horn spent on the case strikes us as modest for handling two rounds of hearings at the agency level and full briefing of the case in this Court. That

7

is appropriate for someone of his experience in Social Security matters. Had Mr. Horn been less experienced and efficient, and had he spent more time on the case, his computed hourly rate would be lower. But we see no reason to punish Mr. Horn for being economical in his expenditure of time. *Kazanjian v. Astrue*, No. 09 Civ. 3678, 2011 WL 2847439, at * 2 (E.D.N.Y. July 15, 2011) (awarding a computed hourly rate of $2,100.00, explaining that "[p]laintiff's attorney should not, . . . , be penalized for being efficient, which is exactly what I would be doing if I cut his requested fee").

## CONCLUSION

The reasonableness standard in Section 406(b) is intended to avoid an award of attorneys' fees that is a windfall. That is plainly not the case with the fees sought by Mr. Horn. For the foregoing reasons, the Court GRANTS Mr. Horn's motion for Section 406(b) fees in the amount of $32,257.00.

ENTER:

_____
SIDNEY I. SCHENKIER
United States Magistrate Judge

Dated: October 4, 2012